UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| JEREMY WARREN CARTER,                )  | |
| )  | Case No. 1:05-cv-46 |
| Petitioner.         )  | |
| v.                                                          )  | Honorable Gordon J. Quist |
| )  | |
| DAVID GUNDY,                                    )  | |
| )  | |
| Respondent.      )  | |
| _____)  | |

**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**
**and DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 1989 convictions for assault with intent to rob while armed and armed robbery for which he was sentenced to prison terms of six to fifteen years and twenty to forty years, respectively. On March 14, 2005, the Court entered an order summarily dismissing the petition. The order of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner has now moved for a certificate of appealability.

A threshold issue is whether Petitioner should be allowed to proceed *in forma pauperis* on appeal. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has substantially complied with Rule 24(a)(1), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue(s) he intends to present

on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Petitioner may proceed *in forma pauperis* on appeal without prepaying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $255 fee for filing an appeal. *See Kincade*, 117 F.33d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)

Petitioner's motion for a certificate of appealability will be denied. A petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denied Petitioner's application on procedural grounds of statute of limitations. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this court correctly dismissed petitioner's claims on statute of limitations

grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore:

       IT IS ORDERED that Petitioner is granted leave to proceed *in forma pauperis* on appeal.

       IT IS FURTHER ORDERED that Petitioner's motion for certificate of appealability (docket # 17) is DENIED.

Dated:  April 22, 2005                          /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE