UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEREMY WARREN CARTER,

        Petitioner,

v.                                                  Case No. 1:05-CV-46

DAVID GUNDY,                             HON. GORDON J. QUIST

        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

On March 14, 2005, the Court entered an Opinion and Order adopting the magistrate judge's report and recommendation dated January 27, 2005, recommending that Petitioner's petition for writ of habeas corpus be denied as barred by the one-year statute of limitations. The Opinion incorrectly referred to the date of the report and recommendation as November 12, 2003, but the Order contained the correct date and the Opinion addressed the January 27, 2005, report and recommendation as well as Petitioner's objections, filed on February 8, 2005. In its Opinion, the Court rejected Petitioner's arguments that he was entitled to equitable tolling, that the limitation period is unconstitutional because it violates the Suspension Clause, and that the magistrate judge incorrectly held that 28 U.S.C. § 22444(d)(1)(A) provides the period of limitation.

Currently pending before the Court are the following motions filed by Petitioner: (1) motion for leave to amend habeas petition; (2) motion for relief from judgment regarding the Court's March 14, 2005, Order, and to amend petition; (3) motion for relief from judgment and for leave to amend; (4) motion for order to explain delay in filing motion for relief from judgment; (5) motion to appoint counsel; (6) motion for reconsideration re: certificate of appealability; (7) motion to amend/correct motion for relief from judgment; and (8) motion to amend/correct Rule 60 motion.

**Motions for Relief from Judgment**

In his various motions for relief from judgment (including amendments), Petitioner focuses upon the Court's conclusion that Petitioner is not entitled to equitable tolling. To the extent that Petitioner merely re-hashes his prior arguments or takes issue with the Court's discussion of the equitable tolling issue, the Court rejects those arguments for the reasons set forth in the March 14, 2005, Opinion.

Petitioner does raise two additional (although one is not new) arguments for equitable tolling. First, Petitioner contends that was prevented from filing his petition within the one-year statute of limitation by his inability to focus or concentrate due to attention deficit disorder (ADD) or attention deficit hyperactivity disorder (ADHD). Petitioner states: "The State want help me on these problems the psychologist for the State told me no (I also just found out that my inability to comprehend is linked to my inattention caused by (A.D.H.D.) In essence it's a learning disability.) They will not test me for it because they can't and not authorized to treat it, the psyc. told me from my symptoms I have it but it don't appear serious." (Mot. for Relief from J. at 3.) The Court rejects Petitioner's argument because he has failed to show how his ADD/ADHD prevented him from filing his habeas petition within the one-year limitation period. See United States v. Richardson, No. 99-7152, 2000 WL 676009, at *1 (10th Cir. May 24, 2000) (rejecting the defendant's reliance on an alleged learning disability as a basis for equitable tolling because the defendant failed to explain why the learning disability prevented him from filing his § 2255 motion within the one-year period); Cannon v. Kuhlmann, No. 99Civ. 1010(DLC), 2000 WL 1277331, at *2 (S.D.N.Y. Sept. 7, 2000) (rejecting the petitioner's claims that he suffered from a "learning disability," "very low intelligence," "loss of memory," and was on psychiatric medication as insufficient to justify equitable tolling).

Moreover, Petitioner, a prolific filer of motions in this case, has demonstrated that whatever his limitations, he was capable of filing a habeas petition within the limitation period.

Second, Petitioner claims that he has made a colorable claim of actual innocence because he has submitted an affidavit stating that he did not commit the crimes with which he was charged and setting forth his version of events that he claims exculpates him. Petitioner also explains in a supplemental motion that two witnesses who identified Petitioner were mistaken. As stated in the March 14, 2005, Opinion, in order to demonstrate actual innocence, a petitioner must establish that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. See Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995)). Moreover, actual innocence means factual innocence, not merely legal insufficiency. Id. (citing Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)). "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" Id. (quoting Schlup, 513 U.S. at 324, 115 S. Ct. at 865). Petitioner's evidence does not meet this difficult standard. Therefore, the Court will deny Petitioner's motions for relief from judgment.

### Motions for Leave to Amend Habeas Petition

As noted above, Petitioner has also filed one or more motions to amend or supplement his petition. Because the Court has concluded that Petitioner filed his petition out of time and that he is not entitled to equitable tolling, Petitioner's requests to amend or supplement are moot.

### Motion to Appoint Counsel

Petitioner also requests that the Court appoint him counsel. The decision to appoint counsel for a petitioner in a habeas corpus proceeding is a matter within the discretion of the court. See

Edwards v. Parker, No. 94-6368, 1995 WL 222184, at *1 (6th Cir. Apr. 13, 1995). Because the Court has concluded that the petition is untimely, it declines to appoint counsel for Petitioner.

### Motion for Reconsideration of Certificate of Appealability

Finally, Petitioner has filed a motion to have a special panel review the Court's denial of a certificate of appealability. The Court treats the motion as a motion for reconsideration of its Order denying Petitioner a certificate of appealability. Petitioner has failed to persuade the Court that its April 22, 2005, Order denying Petitioner's motion for certificate of appealability was erroneous. Therefore, the Court will deny this motion.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's motions for relief from judgment (docket nos. 11, 13, 28, and 30) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to file an amended petition (docket no. 7) and Petitioner's motion for order to explain delay in filing motion for relief from judgment (docket no. 20) are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (docket no. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration of denial of certificate of appealability (docket no. 25) is **DENIED**.

Dated: May 17, 2005          /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE